United States District Court
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   IMHOTEP JORDAN, JR.,                    No. C 11-02668 SBA (PR)
11              Plaintiff,                   **ORDER DIRECTING PLAINTIFF TO**
                                             **SHOW CONTINUED INTENT TO**
12      v.                                   **PROSECUTE THIS ACTION**
13   J. CORONADO, et al.,
14              Defendants.
                                        /
15
16          Plaintiff filed the instant pro se civil rights complaint under 42 U.S.C. § 1983, and he also
17   filed a document entitled, "Affidavit of Truth."  On June 3, 2011, the Clerk sent Plaintiff a notice
18   directing him to pay the filing fee or to file a completed in forma pauperis application.  On the same
19   day, the Clerk sent Plaintiff a notice directing him to file a completed civil rights complaint form.
20   The Clerk also sent Plaintiff copies of his complaint and his "Affidavit of Truth."
21          Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an
22   action for failure to prosecute or to comply with a court order.  See Link v. Wabash R.R., 370 U.S.
23   626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).  But such a dismissal
24   should only be ordered when the failure to comply is unreasonable.  See id.  A district court should
25   afford the litigant prior notice of its intention to dismiss.  See Malone v. United States Postal Serv.,
26   833 F.2d 128, 133 (9th Cir. 1987).
27          In the instant case, Plaintiff has failed to communicate with the Court since he filed this
28   action.  On July 7, 2011, the Clerk of the Court sent Plaintiff a second notice directing him to file a

completed complaint form and a completed IFP application.  Furthermore, the copies of his complaint and "Affidavit of Truth" were returned as undeliverable on July 13, 2011 with a notation: "Returned to Sender -- Refused," and an additional handwritten notation, "Inmate Refused."

On July 15, 2011, the second Clerk's notice was returned with a notation: "Returned to Sender -- Refused."

On August 2, 2011, the Clerk re-sent the second notice to Plaintiff.  On August 12, 2011, the second notice that was re-sent to Plaintiff was returned with a notation: "Returned to Sender -- Refused."

Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish whether Plaintiff intends to continue to prosecute this action.  Plaintiff shall file a notice of his continued intent to prosecute no later than **thirty (30) days** of the date of this Order.  Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  See Malone, 833 F.2d at 133 (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

IT IS SO ORDERED.

DATED: 9/16/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

IMHOTEP JORDAN JR,

       Plaintiff,

  v.

J CORONADO et al,

       Defendant.
_____/

Case Number: CV11-02668 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Imhotep  Jordan C-71742
Calipatria State Prison
P.O. Box 5002
Calipatria,  CA 92233

Dated: September 20, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk