IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP JORDAN, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>J. CORONADO, et al.,<br><br>    Defendants._____/ | No. C 11-02668 SBA (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE COMPLETED COMPLAINT FORM; AND DIRECTING HIM TO PAY THE FILING FEE OR FILE A COMPLETED IN FORMA PAUPERIS APPLICATION** |

On June 3, 2011, this case was opened when Plaintiff submitted a "Request for Entry of Default Judgment Pursuant to the Federal Rules of Civil Procedure" as well as a document entitled, "Affidavit of Truth." In an effort to protect Plaintiff's rights, his filings were treated as an attempt to open a civil rights case under Section 1983. On the same date the case was opened, the Clerk of the Court sent Plaintiff a notice directing him to pay the filing fee or to file a completed in forma pauperis (IFP) application. The Clerk also sent Plaintiff another notice directing him to file a completed civil rights complaint form. Finally, the Clerk sent Plaintiff copies of the aforementioned filings. However, Plaintiff did not respond to the two notices.

On July 7, 2011, the Clerk of the Court sent Plaintiff another notice directing him to file a completed complaint form and a completed IFP application.

On July 13, 2011, the copies of his "Request for Entry of Default Judgment Pursuant to the Federal Rules of Civil Procedure" and "Affidavit of Truth" were returned as undeliverable with a notation: "Returned to Sender -- Refused," and an additional handwritten notation, "Inmate Refused."

On July 15, 2011, the Clerk's July 7, 2011 notice was returned with a notation: "Returned to Sender -- Refused."

On August 2, 2011, the Clerk re-sent the July 7, 2011 notice to Plaintiff. On August 12, 2011, the July 7, 2011 notice that was re-sent to Plaintiff was returned with a notation: "Returned to Sender -- Refused."

In an Order dated September 16, 2011, the Court determined that because Plaintiff had

"failed to communicate with the Court since he filed this action" it was "in the interests of justice and judicial efficiency . . . to establish whether Plaintiff intends to continue to prosecute this action." (Sept. 16, 2011 Order at 2.) The Court directed Plaintiff to file a notice of his continued intent to prosecute within thirty days. The Court informed him that the failure to do so would result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. (Id. (citing Malone, 833 F.2d at 133 (the district court should afford the litigant prior notice before dismissing for failure to prosecute).)

On September 20, 2011, the Clerk entered a filing submitted by Plaintiff entitled, "Instrument of Clarification of the Private Legal Process."

It seems that Plaintiff's filing entered on September 20, 2011 was not filed in response to the Court's September 16, 2011 Order to Show Cause; however, the Court assumes that Plaintiff intends to prosecute this action. A review of Plaintiff's initial filings indicates that he fails to provide an explanation of what claims he intends to press against the named Defendants. Nor does he allege that he has exhausted his available administrative remedies. Therefore, the Court finds that Plaintiff still must file a completed complaint form, as he was initially directed by the Clerk when his case was opened.

To date, Plaintiff has not filed a completed complaint form nor has he paid the filing fee or filed completed an IFP application form.

Within **thirty (30) days** of the date of this Order, Plaintiff must file a completed complaint on the Court's form for prisoner Section 1983 cases. Plaintiff must link specific Defendants to his claim by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right). If Plaintiff intends to sue a Defendant based on supervisory liability, he must allege that the Defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must also allege that he has exhausted his available administrative remedies.

2

Furthermore, as mentioned above, Plaintiff has not yet paid the filing fee or filed a completed IFP application form.  Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor.  See 28 U.S.C. § 1915(a).  If the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he must submit: (1) an affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined.  See id. § 1915(a)(1), (2).  If the court determines that the plaintiff is unable to pay the full filing fee at the time of filing, the plaintiff will be granted leave to proceed IFP.  This means that the filing fee must be paid by way of an installment plan, according to which the court first will assess and collect a partial filing fee from the prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the preceding month's income credited to the his account until the full $350.00 filing fee is paid.  Id. § 1915(b)(1).  The agency having custody of the prisoner is responsible for forwarding to the court payments from his account each time the amount in the account exceeds ten dollars.  See id.

Therefore, before this Court will proceed to review any future complaint form filed by Plaintiff, he is hereby ORDERED to pay the $350.00 filing fee in full or to file a completed IFP application using the enclosed form.  He shall do so within **thirty (30) days** of the date of this Order.

Plaintiff must clearly write in the case number for this action, Case No. C 11-02668 SBA (PR), on the completed complaint form and IFP application.  **Failure to (1) file a completed complaint form and (2) pay the filing fee or submit a completed IFP application as ordered herein by the thirty-day deadline shall result in the dismissal of this action without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.**  The Clerk of the Court shall send Plaintiff a blank civil rights complaint form as well as a prisoner IFP application along with a copy of this Order.

IT IS SO ORDERED.

DATED: _____10/21/11_____      
SAUNDRA BROWN ARMSTRONG

United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

IMHOTEP JORDAN JR,

        Plaintiff,

v.

J CORONADO et al,

        Defendant.

Case Number: CV11-02668 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Imhotep Jordan C-71742
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

Dated: October 25, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Jordan2668.fileCOMPL&IFP.wpd      4