IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP JORDAN, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>J. CORONADO, et al.,<br><br>    Defendants._____/ | No. C 11-2668 SBA (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

On June 3, 2011, this case was opened when Plaintiff submitted a "Request for Entry of Default Judgment Pursuant to the Federal Rules of Civil Procedure" as well as a document entitled, "Affidavit of Truth." In an effort to protect Plaintiff's rights, his filings were treated as an attempt to open a civil rights case under Section 1983. On that same date the case was opened, the Clerk of the Court sent Plaintiff a notice directing him to pay the filing fee or file a completed prisoner's in forma pauperis (IFP) application. The Clerk also sent Plaintiff another notice directing him to file a completed civil rights complaint form and told him that he must pay the fee or return the completed application and compliant form within thirty days or his action would be dismissed. However, Plaintiff did not respond to the two notices.

On July 7, 2011, the Clerk of the Court sent Plaintiff another notice directing him to file a completed complaint form and a completed IFP application.

On July 13, 2011, the copies of his "Request for Entry of Default Judgment Pursuant to the Federal Rules of Civil Procedure" and "Affidavit of Truth" were returned as undeliverable with a notation: "Returned to Sender -- Refused," and an additional handwritten notation, "Inmate Refused."

On July 15, 2011, the Clerk's July 7, 2011 notice was returned with a notation: "Returned to Sender -- Refused."

1    On August 2, 2011, the Clerk re-sent the July 7, 2011 notice to Plaintiff.  On August 12, 2011, the July 7, 2011 notice that was re-sent to Plaintiff was returned with a notation: "Returned to Sender -- Refused."

    In an Order dated September 16, 2011, the Court determined that because Plaintiff had "failed to communicate with the Court since he filed this action" it was "in the interests of justice and judicial efficiency . . . to establish whether Plaintiff intends to continue to prosecute this action." (Sept. 16, 2011 Order at 2.)  The Court directed Plaintiff to file a notice of his continued intent to prosecute within thirty days.  The Court informed him that the failure to do so would result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  (Id.)

    On September 20, 2011, the Clerk entered a filing submitted by Plaintiff entitled, "Instrument of Clarification of the Private Legal Process."

    In an Order dated October 21, 2011, the Court determined that Plaintiff's filing entered on September 20, 2011 was "not filed in response to the Court's September 16, 2011 Order to Show Cause . . . [however] the Court assume[d] that Plaintiff intends to prosecute this action."  (Oct. 21, 2011 Order at 2.)  The Court added:

> A review of Plaintiff's initial filings indicates that he fails to provide an explanation of what claims he intends to press against the named Defendants.  Nor does he allege that he has exhausted his available administrative remedies.  Therefore, the Court finds that Plaintiff still must file a completed complaint form, as he was initially directed by the Clerk when his case was opened.

(Id.) Therefore, Plaintiff was directed to file a completed complaint form as well as IFP application within thirty days. The Court further stated: "**Failure to (1) file a completed complaint form and (2) pay the filing fee or submit a completed IFP application as ordered herein by the thirty-day deadline shall result in the dismissal of this action without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.**"  (Id. (emphasis in original).)

    More than thirty days have passed and Plaintiff has not paid the filing fee, returned the in forma pauperis application, filed a completed complaint form, or otherwise communicated with the Court.

United States District Court
For the Northern District of California

1  Accordingly, this action is DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case. The Clerk of the Court shall close the file.

  IT IS SO ORDERED.

DATED:  12/12/11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA | |
| IMHOTEP JORDAN JR,<br><br>            Plaintiff,<br><br>   v.<br><br>J CORONADO et al,<br><br>            Defendant. | Case Number: CV11-02668 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Imhotep Jordan C-71742
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

Dated: December 13, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk